UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTHA F. YEOMAS,

                              Plaintiff,

                              v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

16-CV-6431L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On November 5, 2010, plaintiff, then forty-five years old, filed an application for supplemental security income, alleging an inability to work since January 1, 2000. (Dkt. #8-3 at 65).[1] That application ultimately resulted in a finding of "not disabled" by the Commissioner, which was remanded on or about March 10, 2015 by order of Magistrate Judge Marian W. Payson. (Dkt. #8-9 at 566-603). *See also Yeomas v. Commissioner*, 13-CV-6276 at Dkt. #20. On remand, the Commissioner was instructed to consider whether the plaintiff's spinal symptoms met certain listings. On June 23, 2015, the Appeals Council issued an order vacating the decision and remanding the case for additional proceedings.

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

A new hearing was held on July 28, 2015, before administrative law judge ("ALJ") John P. Costello. (Dkt. #8-8 at 523-559). On August 25, 2015, the ALJ issued a new, partially favorable determination, finding that plaintiff had *not* been disabled prior to June 3, 2015, but that after that date (at which point plaintiff became an "individual closely approaching advanced age" for purposes of applying the Medical-Vocational Guidelines), plaintiff became disabled, and remained so thereafter. (Dkt. #8-8 at 494-513). That decision became the final decision of the Commissioner on April 27, 2016, after the Appeals Council granted review and affirmed the ALJ's decision. (Dkt. #8-8 at 443-45). Plaintiff now appeals from the unfavorable portion of that decision.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion (Dkt. #16) is granted, plaintiff's motion (Dkt. #11) is denied, and the complaint is dismissed.

## DISCUSSION

An ALJ proceeds though a well-established five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that since the alleged onset date of January 1, 2000, plaintiff has suffered from the following impairments: lumbar disc disease and stenosis, degenerative joint disease of the right knee, cognitive deficits, major depressive disorder, post-traumatic stress

disorder, anxiety, chronic obstructive pulmonary disease, asthma, obesity, diabetes mellitus, and substance abuse disorder.

After reviewing of the evidence of record, the ALJ found that the plaintiff has retained the RFC to perform sedentary work, except that she can only occasionally stoop, balance, kneel, climb, crouch, and crawl. She must avoid concentrated exposure to respiratory irritants such as dust, odors, and fumes, as well as extremes in temperature and humidity. Additionally, she is limited to simple, routine tasks. (Dkt. #8-8 at 501). When presented with this RFC, vocational expert Julie A. Andrews testified that plaintiff could perform the positions of brake linings coater and preparer. (Dkt. #8-8 at 511-12).

**A. The ALJ's Weighing of Mental RFC Opinions**

Initially, plaintiff contends that the ALJ erred because he failed to resolve a "conflict" between the mental RFC opinions of record, and because he failed to explain why he gave "significant" weight to the opinion of consulting psychologist Dr. Yu-Ying Lin, but did not incorporate all aspects of that opinion into plaintiff's RFC.

First, I find that the mental RFC opinions of record which were given "significant weight" by the ALJ (that of Dr. Lin, and those of fellow consultative psychologist Dr. Adele Jones), were not so inconsistent or conflicting as to require resolution by the ALJ. Although the opinions differed in minor respects, both found that plaintiff had no more than mild limitations in almost all aspects of her mental, emotional and social functioning, and suggested that plaintiff was able to perform simple and routine tasks. (Dkt. #8-7 at 301-04, 1123-27).

The only exception is a statement in Dr. Lin's opinion that plaintiff had a "moderate to marked" limitation with respect to her ability to handle stress – an ability for which Dr. Jones

3

found no limitations, and which plaintiff argues that the ALJ erred by failing to incorporate into plaintiff's RFC. (Dkt. #8-13 at1125).

Although an ALJ is typically required to explain the reasons for rejecting parts of a medical opinion, "[a]n ALJ need not recite every piece of evidence that contributed to [his] decision, so long as the record permits [the reviewing court] to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013). Here, the ALJ explained that he was crediting Dr. Lin's opinion only insofar as it was consistent with those of Dr. Jones (Dkt. #8-7 at 239-43, 301-306). The Court notes that Dr. Lin's opinion that plaintiff had moderate to marked limitations in dealing with stress is unsupported by other evidence of record, and is inconsistent not only with both of Dr. Jones' opinions that plaintiff is able to "appropriately deal with stress," but with the opinions of reviewing physician Dr. T. Harding, who twice found that plaintiff had no significant functional mental limitations (Dkt. #8-7 at 244-60, 346-63), and plaintiff's mental health counselor, Ms. Kathryn Stanford, who opined that plaintiff had no mental limitations and could participate in work-related activities up to 40 hours per week. (Dkt. #8-13 at 1088-91). Similarly, plaintiff's mental health treatment records make no mention of stress-related diagnoses or symptoms that might significantly limit plaintiff's ability to work. (Dkt. #11-13 at 1092-1146).

In short, this is not a case where the ALJ substituted his own opinion for credible medical opinions of record: rather, the ALJ chose between several medical opinions, and adopted the "majority view" that plaintiff was, at most, mildly limited in her ability to handle stress. Because this finding is well supported by substantial evidence of record, I find no reason to disturb it.

**B. The ALJ's Weighing of RFC Opinions Concerning Postural Limitations**

Plaintiff also argues that the ALJ erred when he failed to include the need for a sit/stand option in plaintiff's RFC. Specifically, the ALJ declined to credit the opinions of physicians Dr.

4

Karen Dah and Dr. Raba Rizvi that plaintiff required the option to change positions every half hour. In rejecting those opinions, the ALJ observed that "there is no support for a need to change position in a half hour," and found that both opinions were of limited weight, as they had been prepared for the Department of Social Services to exempt the plaintiff from work requirements for welfare assistance, and not to meaningfully assess function-by-function capabilities. (Dkt. #8-8 at 508). Plaintiff claims that the ALJ's finding that a sit/stand option had "no support" in the record was incorrect, and that to the contrary, the record attests to plaintiff's difficulty in sitting for long periods, including plaintiff's testimony that she could sit for "maybe 20-30 minutes" before needing to stand, and physical examination findings of lower back tenderness and pain.

Assuming *arguendo* that the ALJ erred by not including a sit/stand option in plaintiff's RFC, that error was harmless. Vocational experts in other cases in this Circuit (including Ms. Andrews, who testified in this matter) have repeatedly and consistently testified that both of the positions identified by the vocational expert here – brake linings coater and preparer – can be performed by persons requiring the option to change position, between sitting and standing, at will. *See e.g.*, *Murray v. Colvin*, 2016 U.S. Dist. LEXIS 130610 at *39-*40 (W.D.N.Y. 2016) (claimant limited to sedentary work with a sit-stand option can perform the position of brake linings coater); *Feringa v. Commissioner*, 2016 U.S. Dist. LEXIS 133472 at *18-*19 (N.D.N.Y. 2016) (claimant limited to routine, light work with sit/stand option and other limitations can perform preparer position); *Schmidt v. Colvin*, 2016 U.S. Dist. LEXIS 110896 at *6 (E.D.N.Y. 2016) (claimant limited to simple, routine sedentary work with the option to sit or stand at will can perform the position of preparer); *Kouadio v. Astrue*, 2010 U.S. Dist. LEXIS 127667 at *11-*12 (W.D.N.Y. 2010) (claimant limited to sedentary work with a sit/stand option can perform the positions of brake linings coater or preparer). Because plaintiff could perform either position regardless of

whether the ALJ had included a sit/stand option in her RFC which would allow her to change positions at will, remand to consider that issue further would serve no useful purpose.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted. The Commissioner's decision that plaintiff, Martha F. Yeomas, was not disabled prior to June 3, 2015, is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 9, 2018.